UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DENISE BROWN,

        Plaintiff,

  v.

COUNTY OF MODOC, MODOC MEDICAL CENTER, MODOC MEDICAL AND DENTAL CLINIC, EDWARD P. RICHERT, M.D., and OWEN M. PANNER, JR., aka OWEN PANNER, M.D.,

        Defendants.

NO. CIV. S-06-1013 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on three separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Edward P. Richert, M.D. ("Richert"), Owen M. Panner, Jr. aka Owen Panner, M.D. ("Panner"), and County of Modoc (erroneously sued as Modoc Medical Center and Modoc Medical and Dental Clinic) (the "County") (sometimes collectively, "defendants").[1]

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

For the reasons set forth below, defendants' motions are GRANTED in part, with respect to plaintiff Denise Brown's ("plaintiff") federal claims brought under 42 U.S.C. 1983.  As those federal claims are dismissed without leave to amend, the court otherwise dismisses the case, as it declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

## BACKGROUND

In July 2001, plaintiff, a minor at the time, visited Panner for treatment of a bladder infection. (Pl.'s Compl. for Damages ("Compl."), filed May 9, 2006, at ¶ 12.)  The visit, which took place in a building owned and operated by the County, Panner, and Richert, included a pelvic examination performed by Panner. (Compl. at ¶¶ 12-13.)  Unbeknownst to plaintiff, Panner had installed video cameras in the ceiling vents of the examination room and used them to videotape the procedure.  Plaintiff alleges Panner did so for his own sexual gratification. (Compl. at ¶¶ 12, 27.)

While it is not entirely clear from the complaint what prompted the investigation, in October of 2001, officers from the Modoc County Sheriff's department discovered the video cameras and confiscated them.[2]  (Compl. at ¶¶ 27-28.)  Shortly thereafter, Panner contacted the Sheriff's department and conceded that the cameras were his. (Compl. at ¶ 28.)  The complaint does not specify what, if any, actions were taken

---

[2]  In his motion to dismiss, Richert states that there were no videotapes in the cameras at the time they were discovered.  (Def. Richert's Mot. to Dismiss, filed July 25, 2006, at 2.)

2

against Panner as a result of the discovery of the cameras in 2001.

Subsequently, in March 2005, an eight-year-old child out hunting with his father discovered the videotape of plaintiff's pelvic examination near a reservoir. (Compl. at ¶ 13.) The tape was turned over to law enforcement and Panner was prosecuted and ultimately convicted for his voyeuristic conduct. (Compl. at ¶ 16.) He was sentenced to jail time and his medical license was suspended. (Compl. at ¶¶ 16-17.)

Plaintiff first learned of the existence of the videotape during this 2005 law enforcement investigation. (Compl. at ¶ 12.) Plaintiff thereafter brought the instant suit against Panner, Richert, and the County on May 9, 2006. She alleges violations of her civil rights under 42 U.S.C. 1983 ("section 1983"), as well as various common and state law claims.[3] All three defendants have separately moved to dismiss the section 1983 claims against them on the ground that Panner was not acting under color of law when he illicitly videotaped plaintiff. Each defendant's motion will be addressed in turn.

---

[3] Although plaintiff titles her first claim for relief as one brought under *28* U.S.C. 1983, because there is no such statute and because she later refers to *42* U.S.C. 1983, the court assumes this is an inadvertent typographical error. The exact nature of plaintiff's supplemental state law claims is difficult to discern from the complaint. Defendants have identified them as claims for professional negligence against Panner and Richert, and a claim for negligent conduct of a public employee against the County. However, the court need not specifically delineate the claims here as it declines to exercise supplemental jurisdiction over the remainder of the action, as set forth below.

3

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

**ANALYSIS**

Pursuant to 42 U.S.C. 1983,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to subjected, any citizen of the United

4

> States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 confers no substantive rights itself, but rather, "provides remedies for deprivations of rights established elsewhere." City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).

### Panner's Motion to Dismiss

A suit brought under section 1983 will implicate different tests depending on whether the claim is brought against an individual or a governmental entity. Where a claim is brought against an individual, the question is whether that individual "may fairly be said to be a state actor." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). Where relief is sought against a municipality, the plaintiff must show that the government body had a policy, ordinance, regulation, or custom which operated to deprive the plaintiff of constitutional rights. Monell v. Dept. of Soc. Svcs., 436 U.S. 658, 690-691 (1978).

Where an individual is sued, "the traditional definition of acting under color of state law requires that the defendant . . . have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988)(citations omitted). The purpose of section 1983 is to prevent abuse of state authority. Wyatt v. Cole, 504 U.S. 158, 161 (1992)(citing Carey v. Piphus, 435 U.S. 247, 254-257 (1978)). Consequently, the statute was not meant to remedy private wrongs, and *private*

5

conduct is excluded from its ambit, no matter how discriminatory or wrong. Am. Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 50 (1999); Blum v. Yaretsky, 457 U.S. 991, 1002 (1982); Shelley v. Kraemer, 334 U.S. 1, 13 (1948). Thus, to the extent that plaintiff is suing Panner for relief under section 1983, Panner must have been acting under "color of law" at the time he surreptitiously videotaped her pelvic exam, such that his actions are "fairly attributable to the [s]tate" rather than to his private conduct. Lugar, 457 U.S. at 937.

In that regard, plaintiff alleges that because Panner was the "contract anesthesiologist" (Compl. at ¶ 13) for the County at the time he videotaped plaintiff's pelvic exam, and because the exam took place at a facility jointly owned and operated by the County, he was a state actor acting under color of law for purposes of section 1983. Additionally, plaintiff alleges that Panner was at all times relevant an employee or agent of the County, acting under color of law and within the scope and course of his employment. (Compl. at ¶¶ 7-8.)

However, the mere existence of an employment relationship between an individual and the state does not transform the individual's private actions into "state actions." Johnson v. Knowles, 113 F.3d 1114, 1117-1118 (9th Cir. 1997). An individual acts under color of law only if he exercises authority under "pretense of law" and his actions are affiliated to some extent with performance of his official duties. Screws v. U.S., 325 U.S. 91, 111 (1945). It is well-settled that state employees acting solely "in the ambit of their personal pursuits" are not acting under color of law for purposes of section 1983. Id.; see

also Huffman v. City of L.A., 147 F.3d 1054 (9th Cir. 1998) (off-duty police officer was "pursuing his own goals" when he killed a patron in a bar fight, and was not acting under "pretense of law" because he never identified himself as a police officer); Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996) (off-duty police officer who returned to the scene of an investigation in plain clothes and a mask for the purposes of robbing the house was not acting in furtherance of any governmental goal).[4]

Here, it cannot be reasonably argued, and plaintiff does not contend, that Panner was acting to advance a governmental goal or purpose when he illicitly videotaped plaintiff. Indeed, plaintiff alleges that Panner was acting in furtherance of his own sexual interests. Plaintiff alleges that Panner videotaped her solely for "lustful motives, *unrelated* to the practice of medicine" (Compl. at ¶ 15)(emphasis added), a theme that is reiterated throughout the Complaint. (See Compl. at ¶¶ 12 (taping was "for the *sole* purpose of [Panner's] sexual gratification")(emphasis added); 19 ("for lustful and lewd purposes"); 31 ("for sexual purposes"); 37 ("with the intent to arouse, appeal, to or [sic] gratify the lust, passion, and sexual

---

[4] See also Townsend v. Moya, 291 F.3d 859 (5th Cir. 2002) (finding prison guard who injured inmate while the two were engaged in consensual horseplay was "pursuing a private aim and not acting by virtue of state authority"); Waters v. City of Morristown, 242 F.3d 353 (6th Cir. 2001) (finding veterinarian who was also a city alderman was acting in pursuit of personal interests and not in furtherance of city interests when he abused and harassed his employee with whom he had a personal relationship); Roe v. Humke, 128 F.3d 1213 (8th Cir. 1997) (finding off-duty police officer acted in pursuit of his "private" interests and not under color of law when he molested a young girl, despite the fact that victim and her parents knew him to be a police officer and trusted him).

7

1  desire, of [Panner]"); 55 ("for illegal sexual gratifying
2  purposes"); and 60 ("for sexual purposes . . . ofr [sic] sexual
3  gratification").)
4      At this stage in the proceedings, the court must accept
5  plaintiff's allegations as true.  Cruz v. Beto, 405 U.S. at 322.
6  As such, plaintiff's classification of Panner's actions as
7  motivated solely by his personal goals and desires necessarily
8  means that he was pursuing his own interests and was not acting
9  under "color of law" when he videotaped plaintiff.
10     On this issue, the case of Lisa M. v. Henry Newhall Mem'l
11 Hosp. is instructive.  12 Cal. 4th 291 (1995).  Although Lisa M.
12 did not involve a section 1983 claim, the facts of the case are
13 strikingly similar to the instant suit.  Lisa M., the plaintiff,
14 was molested by a medical technician during an ultrasound
15 examination.  It was not until the next day, after discussing her
16 reservations about the procedure with her regular obstetrician,
17 that the plaintiff realized she had been molested.  Id. at 295-
18 296.  The plaintiff sought to hold the employer hospital
19 vicariously liable for the acts of the technician.  Id. at 296.
20 In finding that sexual assault by a medical technician is not
21 within the scope of employment, the California Supreme Court made
22 several prescient observations that are relevant to the case at
23 hand.[5]

---

        [5]   The court notes that the state law question of scope of
employment is a legally distinct inquiry from the question of
whether a state employee was acting under color of law for
purposes of section 1983.  However, the Ninth Circuit has equated
"scope of employment" with acting "under color of law" when
determining whether a government officer was acting as a private
                                                    (continued...)

First, the Court found it telling that, unlike police officers, as a medical professional the defendant was "not vested with any coercive authority." Id. at 304.  Second, the plaintiff had been asked to trust the defendant for the limited purpose of a medical examination.  Id.  The subsequent assault and battery he committed on the plaintiff was wholly independent of this purpose and was the result of the defendant's "aberrant decision to engage in conduct unrelated to his duties."  Id. at 303-304.

Like the ultrasound technician in Lisa M., *as alleged by plaintiff*, Panner's decision to videotape plaintiff's medical exam was the result of his own "aberrant" desires and was wholly unrelated to the purpose for which he was treating her. Moreover, plaintiff does not allege Panner was vested with any coercive authority, the abuse of which section 1983 was meant to curtail.  Wyatt v. Cole, 504 U.S. at 161.

Given the foregoing, the court finds that plaintiff has failed to allege any facts to support a claim for relief against Panner under section 1983.[6]  Consequently, Panner's motion to

---

[5](...continued)
citizen.  Van Ort, 92 F.3d at 835 ("if a government officer does not act within his scope of employment or under color of state law, then that government officer acts as a private citizen."). Thus, the Lisa M. court's treatment of scope of employment is instructive to this court's discussion of the private nature of Panner's action.  Indeed, the parties addressed Lisa M. at length in their briefs.

[6]  Panner also moves to dismiss plaintiff's "Bivens" claim against him.  While it is not clear from plaintiff's opposition that she is pressing Bivens claim, to the extent she is, such a claim is not cognizable.  A Bivens cause of action is a judicially created remedy for wrongs committed by *federal* officers.  Because federal officers generally do not act under color of state law, a Bivens claim is separate and distinct from
(continued...)

9

dismiss is GRANTED with prejudice.[7]

## Richert's Motion to Dismiss

It is not entirely clear from the complaint whether plaintiff is alleging a section 1983 claim against Richert, however, to the extent that she is, Richert's motion to dismiss is granted as to that claim.

In her complaint, plaintiff alleges that Richert "is the Modoc County Health Officer for the Modoc County Public Health Department," and that he became aware that his partner, Panner, was possibly videotaping patients after the October 2001 investigation that uncovered the cameras, yet he continued to have a business relationship with Panner nonetheless. (Compl. at ¶ 30.) This is the extent of plaintiff's allegations regarding Richert.[8]

"To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law *by a person acting under color of state law*." Lopez v. Dep't of Health Svcs., 939

---

[6](...continued)
a section 1983 claim. Plaintiff has not alleged that any of the defendants are federal officers, nor could she. Accordingly, if she is maintaining such a claim, it is dismissed as to all defendants.

[7] The court denies leave to amend this claim as any such amendment would be futile under the facts here.

[8] In her state law claims, plaintiff alleges that Richert is also vicariously liable for Panner's tortious acts, by virtue of their partnership. However, because this allegation is included only as part of the state law professional negligence claim, and because it is well settled that there is no vicarious liability under section 1983 (Monell, 436 U.S. at 692), the court does not address this contention.

10

F.2d 881, 883 (9th Cir. 1991) (emphasis added).  As discussed above, the mere existence of an employment relationship between an individual and the state does not, by itself, mean that individual's actions were taken under color of law.  <u>Knowles</u>, 113 F.3d at 1117-1118.  Thus, the allegation that Richert is employed as the County Health Officer is, without more, an insufficient basis for section 1983 liability.  Aside from the fact of state employment, plaintiff has not pled any facts from which it could be inferred that Richert acted under color of law.

Moreover, plaintiff has failed to allege that Richert "acted," at all, to deprive her of her constitutional rights. Richert was not involved in the examination, himself, nor does plaintiff allege that he was aware that she had been videotaped or was in any way individually responsible for Panner's acts.[9] <u>See e.g.</u> <u>Johnston v. City of Houston</u>, 14 F.3d 1056, 1060-1061 (5th Cir. 1994)(holding a plaintiff in a section 1983 action must allege "sufficient involvement . . . to lay a foundation for recovery under section 1983.").  Therefore, Richert's motion to dismiss the section 1983 claim against him is GRANTED with

---

[9]  Plaintiff attempts to allege some wrongdoing by Richert as a result of his continued business relationship with Panner after the video cameras were discovered in October 2001.  (Compl. at ¶ 30.)  Plaintiff alleges that Richert was constructively on notice at that point that his partner was engaged in illicit activity, and Richert was negligent in continuing the business relationship.  (<u>Id.</u>)  Even accepting these allegations as true, they do not establish any wrongdoing by Richert, let alone any wrongdoing violating plaintiff's constitutional rights. Additionally, plaintiff's examination and videotaping took place in July 2001, three months before the cameras were discovered. Plaintiff has not alleged any facts showing that Richert was on notice prior to July 2001, or that she suffered a harm after October 2001, when Richert was allegedly put on constructive notice.

11

prejudice.[10]

## The County's Motion to Dismiss

Plaintiff proceeds on a Monell theory of liability against the County. (Compl. at ¶ 22.) Monell holds that when a section 1983 claim is asserted against a municipality, the plaintiff must allege the deprivation of a constitutional right that is attributable to a policy, ordinance, regulation or custom of the municipality.[11] Monell, 436 U.S. at 690-691. At the pleading stage, a bare allegation that a state actor was acting pursuant to an official policy, custom, or practice will suffice. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988); Shah v. County of L.A., 797 F.2d 743, 747 (9th Cir. 1986). In that regard, plaintiff asserts in her complaint that she has been "deprived of a constitutional right as a result of the official policy of Modoc county [sic]" (Compl. at ¶ 22), and specifically, that the County failed to properly train "government personnel in dealing with the privacy of patients" (Compl. at ¶ 29) and failed to supervise "the devious sexual habits of [Panner]." (Compl. at ¶ 27.)

However, because the court has already determined that plaintiff has failed to allege any "state action" by Panner, the question arises whether the County can be liable for negligent training and supervision under section 1983, without the

---

[10] The court also denies leave to amend this claim as any such amendment would be futile under the facts here.

[11] There is no *respondeat superior* liability under section 1983. Monell, 436 U.S. at 691)("a municipality cannot be held liable *solely* because it employs a tortfeasor.").

12

involvement of a state actor.  This was the precise question addressed by the Ninth Circuit in Van Ort, and the court finds that case controlling here.  92 F.3d 831.

In Van Ort, a group of police officers searched the plaintiffs' home for narcotics.  Id. at 833.  While the officers found no drugs, they found a safe containing cash, jewelry, and coins.  Id.  Over a month later, on an off-duty morning, one of the officers, Stanewich, returned to the home dressed in jeans and a mask for the purpose of robbing and assaulting the owners at gunpoint.  Although the owners thought they recognized him, Stanewich denied that he was a police officer.  Id.  Stanewich was ultimately shot and killed in the home by another police officer responding to the robbery call.  Id. at 834.

The homeowners sued the deceased Stanewich's estate and asserted a Monell claim against the County and the Sheriff's Department which employed him.  Id. at 834.  On appeal, the Ninth Circuit affirmed the district court's judgment that Stanewich was a private actor at the time he robbed and assaulted the plaintiffs and was not acting under color or pretense of law.  Id. at 838.  Given that, the court then considered whether a municipality can be held liable under Monell for negligent hiring, training, or supervision when the person actually causing the harm is not a state actor.  Id.

The court held that under the Monell framework, negligent hiring or supervision "must be the *proximate cause* of the injuries suffered" and, as a matter of law, unforeseeable private actions are intervening causes which preclude municipal liability.  Id. at 837 (emphasis added).  Because Stanewich's

13

criminal acts were entirely private and unforeseeable (even given his history of discipline for excessive violence on the job), the county could not be liable under section 1983.  Id.; see also Huffman, 147 F.3d at 1060 (off-duty police officer's shooting of a patron in a bar fight was a private act and not foreseeable, despite the fact that the county required all off-duty officers to carry firearms).  Moreover, the court noted it was well-settled that municipalities generally have no duty to protect citizens from deprivations of their constitutional rights by private actors.  Van Ort, 92 F.3d at 831 (citing DeShaney v. Winnebago City Dep't of Social Svcs., 489 U.S. 189, 196 (1989)).

Applying Van Ort to the case at hand, the County cannot be liable under section 1983 for failure to protect plaintiff from Panner's wholly private act of voyeurism.  Furthermore, even accepting as true plaintiff's boilerplate allegations of a policy, custom, or practice by the County related to inadequate training or supervision, her own characterization of Panner's acts as deviant, lustful, lewd, and unrelated to the practice of medicine constitutes an unforeseeable, intervening cause which precludes a finding of municipal liability under section 1983.[12]

---

[12] At points in her Complaint, plaintiff appears to contend not that the County should have prevented her videotaping in July 2001, but that it somehow should have acted differently after discovery of the cameras in October 2001.  (Compl. at ¶ 30.)  For the same reasons as stated above, said facts do not allege a section 1983 claim against the County.  Additionally, in her opposition papers, plaintiff states that after discovery of the cameras, the County "should have made an inquiry via peer review as to [Panner's] involvement.  Had this been done, th [sic] future humiliation of the plaintiff via the discovery of the videos and the videos being viewed by complete stranger [sic] in Sacramento County would not have occurred."  (Pl.'s Opp'n to (continued...)

14

Thus, the County's motion to dismiss this claim is GRANTED with prejudice.[13]

### Remaining State Law Claims

Given the dismissal of plaintiff's federal claims under section 1983 without leave to amend, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991)).

### CONCLUSION

For the foregoing reasons, defendants' motions are GRANTED with regard to plaintiff's claims brought under section 1983. Those claims are dismissed without leave to amend, and as the court declines to exercise supplemental jurisdiction over the remaining state law claims, the case is otherwise dismissed. The

///

///

---

[12](...continued) County's Mot. to Dismiss, filed Aug. 21, 2006, at 6.)  To the extent that plaintiff claims to have suffered injury from the County's failure to conduct a timely or proper investigation, this is not a claim that is redressible under section 1983.  See Lopez, 939 F.2d at 883 ("a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the *Constitution* or *federal* law") (emphasis added).

[13] The court also denies leave to amend this claim as any such amendment would be futile under the facts here.

15

Clerk of the Court is directed to close this file.

DATED: October 13, 2006

                                       /s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE